IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:94CR148

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| COLIN MASSIAS (2), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Issuance of Subpoena Duces Tecum," filed May 16, 2005, and Defendant's "Motion Pursuant to Rule 12(f) of the Federal Rules of Criminal Procedure, (F.R.C.P.), to Grant Relief From Waiver and Dismiss Indictment for Lack of Jurisdiction Because the Indictment Has a Defect, Thus Could Not Comply With the Strick [sic] Demands of Rules 6(c) and 6(f) of the F.R.C.P.," filed September 9, 2005.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

On September 6, 1994, Defendant was charged by way of Bill of Indictment with one count of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846. On January 24, 1996, a jury found Defendant guilty of this charge. On May 15, 1996, United States District Court Judge Thomas Wiseman sentenced Defendant to 160 months imprisonment, and judgment was entered on June 17, 1996. On July 15, 1996, the Government appealed Defendant's sentence to the Fourth Circuit Court of Appeals. Subsequently, the Fourth Circuit remanded Defendant for resentencing. On January 7, 1998, Defendant was resentenced

---

[1]On November 7, 2005, Defendant filed two addendums/supplements to his Motion to Dismiss.

1

and received 324 months imprisonment, and judgment was entered on January 22, 1998.

On April 3, 2000, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and amended his Section 2255 Motion on May 3, 2000. In an order dated April 25, 2001, the Court dismissed Defendant's Section 2255 Motion. Defendant appealed the Court's dismissal of his Section 2255 Motion, and on December 10, 2001, the Fourth Circuit dismissed Defendant's appeal. On October 7, 2002, the United States Supreme Court denied certiorari.

## II. DISCUSSION

A.  **Motion for Issuance of Subpoena Duces Tecum**

Defendant asks the Court to issue a subpoena duces tecum to the United States, ordering the Government to produce "all 'Discovery Materials' that were withheld." Defendant contends that an audio tape and corresponding transcript of the audio tape were mentioned by the Government in its Proposed Jury Instructions, dated January 11, 1996, but were never provided to Defendant or his attorney. Defendant argues that such tape and its transcript are "*Brady* material," which the Government is obligated to turn over to Defendant upon request.

Any information disclosed during discovery would be in the possession of Defendant's attorney. Additionally, it is possible that the proposed jury instructions presented to the Court by the Government inadvertently contained boilerplate instructions that were inapplicable to this case. Therefore, Defendant's recourse to receive the information that he requests in this Motion would be to contact his counsel and request the information, presuming that Defendant has not already been provided with all such information, or that such instructions were not erroneously submitted to the Court. However, if upon such request to his attorney, Defendant still believes

that the Government did not produce an audio tape and corresponding transcript, such contention should be raised on appeal to the United States Court of Appeals for the Fourth Circuit.

**B.     Motion to Dismiss Indictment**

Defendant further argues that the Court should vacate the Bill of Indictment issued in this case because the Indictment is defective.  Defendant maintains that the number assigned to this case was written by hand, as opposed to being typed on the Indictment, and the Clerk of Court covered up the case number with the file stamp.  Defendant contends that this indicates that someone tampered with the Indictment and did do in a deceptive manner, so as to obstruct the view of the case number from the District Court Judge.

A motion alleging a defect in the indictment *must be raised before trial*.  FED. R. CRIM. P. 12(b)(3)(B) (emphasis added).  If such motion is not raised prior to trial, the party waives that defense.  FED. R. CRIM. P. 12(e).  In the instant case, Defendant's contentions regarding the alleged defects in the Bill of Indictment were first raised in the instant Motion, which was filed almost ten years after Defendant's trial.  Since Defendant did not raise his objections prior to trial, he waived this defense.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for Issuance of Subpoena Dues Tecum," is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion Pursuant to Rule 12(f) of the Federal Rules of Criminal Procedure, (F.R.C.P.), to Grant Relief from Waiver and Dismiss Indictment for Lack of Jurisdiction Because the Indictment Has a Defect, Thus Could Not Comply with the Strick [sic] Demands of Rules 6(c) and 6(f) of the F.R.C.P." is hereby

3

**DENIED**.

Signed: June 22, 2006

Richard L. Voorhees
United States District Judge