# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:94cr148

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| COLIN MASSIAS. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion to Modify an Imposed Term of Imprisonment. [Doc. 127].

On September 6, 1994, the Defendant was charged with one count of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846. [Doc. 1]. A jury found the Defendant guilty of this charge on January 24, 1996. [Doc. 57]. On May 15, 1996, the Defendant was sentenced to 160 months of imprisonment. [Doc. 71]. The Government appealed the Defendant's sentence, and the Court of Appeals remanded for resentencing. United States v. Massias, No. 96-4577, 1997 WL 286116 (4th Cir. May 30, 1997). On January 7, 1998, the Defendant was resentenced and received a sentence of 324 months of imprisonment. [Doc. 80]. The Court of Appeals affirmed.

United States v. Massias, No. 98-4080, 1999 WL 172827 (4th Cir. Mar. 30, 1999).

On April 3, 2000, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 101]. The Court dismissed the Defendant's motion [Doc. 108], and the Court of Appeals affirmed, United States v. Massias, No. 01-7124, 2001 WL 1555335 (4th Cir. Dec. 6, 2001).

On November 8, 2007, the Defendant filed the present motion pursuant to 18 U.S.C. § 3582(c)(1)(B), seeking a modification of his term of imprisonment due to an alleged error in his Presentence Report (PSR). [Doc. 127]. While that motion was pending, the Defendant also filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the amendments to the Sentencing Guidelines related to crack cocaine offenses. [Doc. 128]. On September 15, 2009, the Court granted the Defendant's § 3582(c)(2) motion and reduced his term of imprisonment to a total of 263 months. [Doc. 131].

In seeking a modification of his term of imprisonment pursuant to § 3582(c)(1)(B), the Defendant argues that the Court erroneously assessed him five criminal history points and thus erred in calculating the appropriate criminal history category. [Doc. 127].

United States Code, Title 18, Section 3582(c)(1)(B) allows for a term of imprisonment to be modified to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  Rule 35, in turn, provides that the Court may correct a clear sentencing error within seven days after sentencing, Fed. R. Civ. P. 35(a), or may reduce a sentence upon the Government's motion for substantial assistance, Fed. R. Civ. P. 35(b).

In the present case, there is no statute which provides for any modification of the Defendant's sentence.  Furthermore, Rule 35 does not afford the Defendant any relief, as the seven-day time period for the correction of arithmetical, technical or other clear error has long since passed.

In any event, there was no error in the calculation of the Defendant's sentence.  The Defendant was convicted by General Court Martial of attempted forcible sodomy on May 23, 1989, and sentenced to two years of imprisonment, reduction to E-1 status, total benefit forfeiture, and a Bad Conduct Discharge.  The military court overturned his original conviction for the charge of attempted forcible sodomy but upheld a conviction for the lesser included offense of assault consummated by battery.  The

Defendant was given credit for six months time served. According to the Uniform Code of Military Justice, ¶¶54A to 54E2, the maximum term of imprisonment for the charge of assault consummated by battery is six months. Accordingly, two criminal history points properly were assessed for this conviction pursuant to U.S.S.G. § 4A1.1(b).

Additionally, because the Defendant's present offense was committed less than two years following his release from custody for the assault conviction, two additional criminal history points were added pursuant to U.S.S.G. § 4A1.1(e). Based upon a total of four criminal history points, the Defendant was properly assessed a criminal history category of III. For these reasons, the Court finds the Defendant's argument to be without merit.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion to Modify an Imposed Term of Imprisonment [Doc. 127] is **DENIED**.

Signed: October 29, 2009

Martin Reidinger
United States District Judge